MICHAEL MEYEROWITZ, Plaintiff, *v.* LOUIS M. JOSEPHTHAL et al., Defendants.

(Supreme Court, New York Special Term, July, 1919.)

Pleading — allegations in complaint — when cause of action sufficiently pleaded — stock brokers — contracts — actions.

> A complaint after setting forth that without the authority of plaintiff and contrary to agreement, the defendants, who are stockbrokers, sold and converted to their own use 500

shares of the stock of a certain corporation which they were holding for the account of plaintiff and as his property, alleged that plaintiff repudiated the sale and notified defendants that he would hold them liable; that defendants represented to plaintiff that if he would pay them an amount equal to the sum which he would be indebted to them if the sale had been duly ratified and would ratify it and release defendants from all liability, they would give to plaintiff an agreement that they would at any time within six months take and purchase from plaintiff 500 shares of the stock of another corporation at a price named. It was further alleged that plaintiff, relying upon said representations, paid to defendants various sums of money slightly in excess of the amount required and that said payments were completed on or about a certain date; that plaintiff advised defendants that he was ready to and offered to ratify the unoffered sale of his stock and to release them from all liability therefor upon their giving the agreement referred to but that the defendants wrongfully repudiated their offer and notified plaintiff that they refused to and would continue to refuse to abide by the same. It was further alleged that because of said repudiation and refusal plaintiff duly withdrew his offer to ratify the unauthorized sale of his stock and to release defendants from all liability therefor and demanded a return of the money paid by him in reliance upon defendants' offer to give the agreement aforesaid. It was further alleged that by reason of the facts pleaded plaintiff was remitted to his original right to be compensated for the damage caused by the unauthorized sale of his stock and a demand therefor in a specific sum. *Held*, that a cause of action was sufficiently pleaded.

A second cause of action repeating all appropriate allegations of the complaint necessary and demanding the amount of money alleged to have been advanced to defendants, held to have been sufficiently pleaded.

The act of the defendants in repudiating their agreement and plaintiff's withdrawal of his offer to ratify the unauthorized sale of his stock, constituted an abrogation and abandonment of the new or substituted agreement and thereupon the parties were restored to their original situation, and plaintiff had a right of action to recover damages sustained by the unauthorized sale of his stock and for a return of the money paid by him to defendants, but he was not entitled to recover for the alleged breach of the new or substituted agreement.

MOTION by the plaintiff for judgment on the pleadings.

Meier Steinbrink (Frank E. Johnson, Jr., and Hunter L. Delatour, of counsel), for motion.

Weschler, Kohn & Roeder, opposed.

GIEGERICH, J. The plaintiff moves for judgment on the pleadings, consisting of an amended complaint and a demurrer thereto based upon the ground of insufficiency. The amended complaint, summarized, alleges that on the 1st day of February, 1917, the defendants, who are stockbrokers, without the authority of the plaintiff, and contrary to agreement, sold and converted to their own use 500 shares of United States Steel Corporation stock, which the defendants were holding for the account of the plaintiff and as his property. The plaintiff repudiated the sale, and notified the defendants that he would hold them liable. Thereupon, and on or about the 15th day of March, 1917, the defendants offered and represented to the plaintiff that if he would pay them an amount equal to the sum which he would be indebted to them if said sale had been duly ratified, and would ratify said sale and release them from all liability therefor, they would give the plaintiff what is known as a " six months' put " on 500 shares of Chile Copper stock at $21.50 per share; that is to say, that the defendants would give to the plaintiff an agreement that they would at any time within six months from the time of giving such agreement take and purchase from the plaintiff 500 shares of that stock at the price named. That the plaintiff, relying upon said representations, paid to the defendants various sums of money slightly in excess of the sum required, said payments having been com-

pleted on or about the 5th day of April, 1917. That thereafter the plaintiff advised the defendants that he was ready to and offered to ratify the unauthorized sale, and to release them from all liability therefor upon their giving to him the six months' put referred to, but the defendants " wrongfully repudiated their said offer, and notified the plaintiff that they refused to and would continue to refuse to abide by the same." That thereupon and because of said repudiation and refusal " the plaintiff duly withdrew his said offer to ratify said unauthorized sale of the plaintiff's stock by the defendants, and to release the defendants from all liability therefor, and demanded back the said moneys paid by him in reliance upon the defendants' offer to give said put as hereinbefore alleged." It is further alleged that by reason of the foregoing acts the plaintiff was remitted back to his original rights to be compensated for the damage caused to him by the unauthorized sale of the United States Steel stock. There is also an allegation of the damage suffered by the unauthorized sale of that stock and a demand for such damage in the sum of $7,500. For a second cause of action the plaintiff repeats all the appropriate allegations of the complaint necessary to such a cause of action, and demands the amount of the moneys so alleged to have been advanced. For a third cause of action there is a similar repetition of the appropriate portions of the complaint, and a demand for $3,750 alleged to be the damage caused by the refusal of the defendants to give the plaintiff the put referred to. It seems to me quite clear that the first and second causes of action are sufficiently pleaded. Not so, however, with the third cause of action attempted to be set forth. As I construe the effect of the facts pleaded, when the defendants repudiated the agreement in regard to the put, and the plaintiff thereupon

withdrew his offer to ratify the unauthorized sale, the acts of the parties, taken together, constituted an abrogation and abandonment of the new or substituted agreement, and such being the case, the parties were restored to their original situation, with the consequent right of action on the part of the plaintiff for the recovery of damages for such unauthorized sale of stock, and for the return of the moneys so paid by him to the defendants. 21 Am. & Eng. Ency. of Law (2d ed.), 674; 29 Cyc. 1138; 2 Black Rescission & Cancellation, § 704. The plaintiff, therefore, is not entitled to damages arising from the alleged breach of the so-called new or substituted agreement, because that agreement was rescinded and abandoned by the parties. 2 Black Rescission & Cancellation, § 704; 5 Lawson Rights, Rem. & Pr. § 2579. My conclusion, therefore, is that the amended complaint, so far as the first and second causes of action are concerned, sets forth a sufficient cause of action, but so far as the third cause of action is concerned, it fails to do so. Motion granted as to the first and second causes of action, and denied as to the third cause of action, without costs, but with leave to the defendants to withdraw their demurrer to the first and second causes of action, and to answer such causes of action within twenty days after service of a copy of the order to be entered hereon, with notice of entry thereof.

Ordered accordingly.